IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02993-RM-KLM

HOWARD M. WATTS, JR.,

     Plaintiff,

v.

DOUGLAS SHULMAN, Commissioner IRS,
MICHAEL ASTRUE, Commissioner SSA,
CAROLYN SIMMONS, Associate Commissioner,
ANNETTE STREETER, Appeals Area Director, IRS,
J. TRUJILLO, Collections Agent, IRS, and
ELLEN DEMITRE, Tax Payer Advocate, IRS,

     Defendants.

_____

### ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on the **Order to Show Cause** issued by the Court

on May 1, 2013 [Docket No. 27].  In the Order to Show Cause, the Court directed Plaintiff

to show cause why the Court should not recommend that the case against Defendants

Douglas Shulman, Carolyn Simmons, Annette Streeter, J. Trujillo, and Ellen Demitre

("Demitre") (collectively, the "Unserved Defendants") be dismissed pursuant to Fed. R. Civ.

P. 4(m).  In that Order, Plaintiff was directed to either file proof of service or respond and

show good cause for his failure to properly serve the Unserved Defendants, or to provide

current addresses for the Unserved Defendants.  Plaintiff's deadline was May 31, 2013.

On May 30, 2013, Plaintiff filed an untitled document in response to the Order to Show

Cause [#28] (the "Response").  In the Response Plaintiff included service addresses for

each of the Unserved Defendants other than Defendant Demitre. *Resp.* [#28] at 1-2.  In addition, Plaintiff included summonses for each of the Unserved Defendants other than Defendant Demitre.  *Id.* at 3-8.

As the Court explained in its previous Order, while Fed. R. Civ. P. 4(c) requires that the Court effect service of the Summons and Complaint for plaintiffs proceeding *in forma pauperis*, Plaintiff must provide sufficient information for the Court to do so.  *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008) (unpublished decision).  Despite having ample time to provide service addresses for the Unserved Defendants, Plaintiff has not provided any information that the Court can use to effect service on Defendant Demitre.

Plaintiff's lawsuit was filed on November 14, 2012 [#1], and Plaintiff amended his Complaint on December 18, 2012 [#7].  Pursuant to Fed. R. Civ. P. 4(m), the deadline for service on Defendant Demitre has now expired.  Plaintiff has not provided sufficient information to enable the U.S. Marshals Service to serve Defendant Demitre, despite two warnings from the Court regarding Plaintiff's failure to provide a service address for Defendant Demitre [##20, 27].  At this stage, it is clear that Plaintiff will not provide the necessary information to effect service on Defendant Demitre.

Although the Court may extend the time for a plaintiff to serve a defendant even without a showing of good cause, *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir.1995), the Court is not inclined to do so here.  The case against Defendant Demitre has been pending since November 2012.  Plaintiff failed to effect service of Defendant Demitre within one hundred and twenty days of her inclusion in this case, failed to provide sufficient contact information for the Court to do so, and failed to provide good cause for the Court

2

to find that an opportunity exists to cure the service deficiency in the future.  Further, Plaintiff was warned in advance that the penalty for the inability to serve or for failing to provide good cause for the service delay would be dismissal of his claims against Defendant Demitre.  *See generally Raeth v. Bank One*, 05-cv-02644-WDM-BNB, 2008 WL 410596, at *3 & n. 4 (D. Colo. Feb. 13, 2008) (unpublished decision).  Regardless of Plaintiff's desire to keep Defendant Demitre in the case and have her answer the claims asserted against her, neither can be accomplished without service.  Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause is made **ABSOLUTE**. With regard to Plaintiff's claims against Defendant Demitre.  Plaintiff has failed to show cause as to why the Court should not recommend dismissal of the claims against Defendant Demitre.

I respectfully **RECOMMEND** that Defendant Ellen Demitre be **DISMISSED without prejudice**, pursuant to Fed. R. Civ. P. 4(m).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed.R.Civ.P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review

3

by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73

F.3d 1057, 1060 (10th Cir. 1996).

        Dated:  June 10, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge