IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02993-RM-KLM

HOWARD M. WATTS, JR.,

    Plaintiff,

v.

DOUGLAS SHULMAN, Commissioner IRS,
MICHAEL ASTRUE, Commissioner SSA,
CAROLYN SIMMONS, Associate Commissioner,
ANNETTE STREETER, Appeals Area Director, IRS,
J. TRUJILLO, Collections Agent, IRS, and
ELLEN DEMITRE, Tax Payer Advocate, IRS,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Order to Show Cause** issued by the Court on May 1, 2013 [Docket No. 27] and the District Judge's **Order Returning Order and Recommendation of United States Magistrate Judge (ECF. NO. 34) With Instructions** [#49; Entered July 17, 2013] (the "Order").

### I. Background

In the Order to Show Cause, the Court directed Plaintiff to show cause why the Court should not recommend that the case against Defendants Douglas Shulman, Carolyn Simmons, Annette Streeter, J. Trujillo, and Ellen Demetri[1] ("Demetri") (collectively, the

---

[1] The Moving Defendants state that this is the proper spelling of Defendant Demitre's name. *Status Report* [#51] at 1 n.1; *see also Demetri Decl.* [#51-1]. Accordingly, for purposes of this Recommendation, the Court will use this spelling.

1

"Unserved Defendants") be dismissed pursuant to Fed. R. Civ. P. 4(m). In the Order to Show Cause [#27], Plaintiff was directed to either file proof of service or respond and show good cause for his failure to properly serve the Unserved Defendants, or to provide current addresses for the Unserved Defendants. Plaintiff's deadline was May 31, 2013. *Order to Show Cause* [#27] at 2. On May 30, 2013, Plaintiff filed an untitled document in response to the Order to Show Cause [#28] (the "Response to OSC"). In the Response to OSC, Plaintiff included service addresses for each of the Unserved Defendants other than Defendant Demetri. *Resp. to OSC* [#28] at 1-2. In addition, Plaintiff included summonses for each of the Unserved Defendants other than Defendant Demetri. *Id.* at 3-8. As a result, on June 10, 2013, the Court discharged Plaintiff's obligations stated in the Order to Show Cause regarding all of the Unserved Defendants other than Defendant Demetri, *Minute Order* [#33] at 1, and recommended dismissal of Plaintiff's claims against Defendant Demetri. *Order and Recommendation* [#34] at 3. On June 13, 2013, Plaintiff filed a document titled "Courts Order Docket No. 27" [#36] ("Second Response to OSC"). In his Second Response to OSC, Plaintiff claims that he mailed a copy of the Amended Complaint to Defendant Demetri at the following address: Ellen Demitre, Taxpayer Advocate Service, P.O. Box 1640 MS 1007, Ogden, UT 84402. *Second Resp. to OSC* [#36] at 2.

On July 17, 2013, the District Judge entered the Order [#49] instructing the Court to consider additional information including that: (1) on June 25, 2013 an executed return of service [#43] was filed on the docket regarding Defendant Demetri and (2) on July 16, 2013, Defendants Daniel Werfel, Annette Streeter, and J. Trujillo (the "Moving Defendants") filed a motion to dismiss [#46] which stated: "Plaintiff failed to properly serve Defendant

Demitre . . . . Therefore, this Motion is filed only on behalf of the Defendants who have been served, and is not filed on behalf of Defendant Demitre." *Motion* [#46] at 1 n.2. In the Motion, however, the Moving Defendants failed to provide any factual or legal basis for their allegation that Defendant Demetri was not properly served. As a result, the Court ordered the Moving Defendants to file a status report explaining their allegation that Defendant Demetri was not properly served. *Minute Order* [#50] at 1. In response, the Moving Defendants filed a Status Report explaining that "Defendant Demetri has not been properly served, and should be dismissed . . ." *Status Report* [#51] at 2. In support of this allegation, the Moving Defendants argued that Plaintiff has not complied with Fed. R. Civ. P. 4(e) and attached the Declaration of Case Advocate Ellen Demetri [#51-1]. The facts contained in the Demetri Declaration make clear that service of the Summons and Amended Complaint on Edwin A. Herrera at 600 - 17th Street, Suite 300 North, Denver, Colorado 80202-5402, *see Return of Service* [#43], did not constitute service on Defendant Demetri. Similarly, mailing a copy of the Amended Complaint to a post office box in Ogden, Utah did not satisfy the service requirements of Fed. R. Civ. P. 4(e) as described below. *See Second Resp. to OSC* [#36] at 2 (Plaintiff alleges that he mailed the Amended Complaint to Defendant Demetri at a post office box).

On July 31, 2013, Plaintiff filed his Response to Defendant's [sic] Status Report [#54] which does not provide any new service information for Defendant Demetri. Instead, Plaintiff alleges that he "mailed the Summons and Complaint to Defendant Demetri, postage pre-paid." *Resp. to Status Report* [#54] at 1. Plaintiff further alleges that he "also served a copy upon Edwin A. Herrera." *Id.* In this document Plaintiff does not provide the address to which he mailed the documents to Defendant Demetri nor does he provide any

3

proof that mailing the documents resulted in service on Defendant Demetri. In the absence of any evidence to the contrary, the Court must conclude that the documents did not reach Defendant Demetri.

## II. Analysis

Pursuant to Fed. R. Civ. P. 4(i)(3), "[t]o serve a United States officer or employee sued in an individual capacity[2] for an act or omission occurring in connection with duties performed on the United States' behalf (whether the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3). Fed. R. Civ. P. 4(e), governing service of individuals within the United States, allows for service either according to state law governing service, *see* Fed. R. Civ. P. 4(e)(1), or by: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service." Fed. R. Civ. P. 4(e)(2).

In her Declaration, Defendant Demetri states that her "residence and usual place of business are in Utah, not in Denver, Colorado." *Demetri Decl.* [#51-1] at ¶ 4. Defendant Demetri further states that she has "not authorized Mr. Herrera to accept service of legal documents on [her] behalf." *Id.* at ¶ 8. Finally, Defendant Demetri makes clear that she has not been personally served. *Id.* at ¶ 9. Therefore, service on Mr. Herrera as evidenced on the Return of Service [#43] did not constitute service on Defendant Demetri pursuant

---

[2] The Amended Complaint does not specify in what capacity Ms. Demetri is named as a Defendant.

4

to Fed. R. Civ. P. 4(e)(2).  In addition, mailing a copy of the Amended Complaint to a post office box in Ogden, Utah does not satisfy the service requirements of Fed. R. Civ. P. 4(e)(2).  *See Second Resp. to OSC* [#36] at 2 (Plaintiff alleges that he mailed the Amended Complaint to Defendant Demetri at a post office box).

In order to effect service under Colorado law, a summons and complaint must be delivered "to the person, or by leaving a copy thereof at the person's usual place of abode, with any person whose age is eighteen years or older and who is a member of the person's family, or at the person's usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent; or by delivering a copy to a person authorized by appointment or by law to receive service of process."  Colo. R. Civ. P. 4(e)(1).  If this cannot be accomplished, a plaintiff may serve a defendant by publication or file a motion for substituted service. Colo. R. Civ. P. 4(f)-(g). Defendant was not served personally, *Demetri Decl.* [#51-1] at ¶ 9; the address on the Return of Service is not Defendant Demetri's home, *id.* at ¶ 4; the address on the Return of Service is not Defendant Demetri's usual workplace, *id.* at ¶ 5; Mr. Herrera is not Defendant Demetri's supervisor, secretary, administrative assistant, bookkeeper, human resources representative, managing agent, or a family member, *id.* at ¶¶ 6-7; and Mr. Herrera was not authorized to accept service of legal documents on behalf of Defendant Demetri, *id.* at ¶ 8.  Therefore, service on Mr. Herrera as evidenced on the Return of Service [#43] did not constitute service on Defendant Demetri pursuant to Fed. R. Civ. P. 4(e)(1).

Pursuant to Utah R. Civ. P. 4, in order to effect service in Utah, an individual may be served by: personal service, leaving a copy of the summons and complaint at the

individual's dwelling house or usual place of abode with a person of suitable age and discretion residing there, or serving an agent authorized to accept service on behalf of the individual. Utah R. Civ. P. 4(d)(1)(A). As established in Defendant Demetri's Declaration, none of these occurred here. *See Demetri Decl.* ¶¶ 8, 9, 10. Therefore, Plaintiff's mailing of the Amended Complaint to a post office box in Utah did not constitute service on Defendant Demetri in accordance with Fed. R. Civ. P. 4(e)(1) because she was not served by any method prescribed by Utah law. Further, none of the above service methods allow service to be effected through either mailing or physically leaving service documents at a post office box. Therefore, even if the Court ordered the United States Marshals Service to leave the Summons and Amended Complaint for Defendant Demetri at the post office box address provided in Plaintiff's Second Response to OSC [#36], such action would not constitute service pursuant to Fed. R. Civ. P. 4(e).

As the Court explained in its previous Orders [##27, 34, 50], while Fed. R. Civ. P. 4(c) requires that the Court effect service of the summons and complaint for plaintiffs proceeding *in forma pauperis*, Plaintiff must provide sufficient information for the Court to do so. *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008) (unpublished decision). Despite having ample time to provide a service address for Defendant Demetri, Plaintiff has not provided any information that the Court can use to effect service on her. Plaintiff's lawsuit was filed on November 14, 2012 [#1], and Plaintiff amended his Complaint on December 18, 2012 [#7]. Pursuant to Fed. R. Civ. P. 4(m), the deadline for service on Defendant Demetri has now expired. Plaintiff has not provided sufficient information to enable the United States Marshals Service to serve Defendant Demetri, despite two warnings from the Court regarding Plaintiff's failure to provide a

6

service address for Defendant Demetri [##20, 27]. At this stage, it is clear that Plaintiff will not provide the necessary information to effect service on Defendant Demetri.

Although the Court may extend the time for a plaintiff to serve a defendant even without a showing of good cause, *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir.1995), the Court is not inclined to do so here. The case against Defendant Demetri has been pending since November 2012. Plaintiff failed to effect service of Defendant Demetri within one hundred and twenty days of her inclusion in this case, failed to provide sufficient contact information for the Court to do so, and failed to provide good cause for the Court to find that an opportunity exists to cure the service deficiency in the future. Further, Plaintiff was warned in advance that the penalty for the inability to serve or for failing to provide good cause for the service delay would be dismissal of his claims against Defendant Demetri. *See generally Raeth v. Bank One*, 05-cv-02644-WDM-BNB, 2008 WL 410596, at *3 & n.4 (D. Colo. Feb. 13, 2008).

In addition, neither the Court nor the United States Marshals Service must seek out a service address for Defendant Demetri. *See Hatten v. Freeborn*, No. 09-cv-02729-CMA-MJW, 2011 WL 684574, at *2 (D. Colo. Feb. 16, 2011) ("based on the information before the Court, it is clear that [defendant] cannot be served at the address[ ] provided by Plaintiff. The Court need not require the U.S. Marshal or the Clerk of the Court to search for [defendant] further."). It is Plaintiff's obligation to provide the Court with sufficient information to allow Defendant Demetri to be served. *Karp v. Garrett*, No. 10-cv-02277-CMA-KMT, 2011 WL 5172897, at *6 (D. Colo. Aug. 1, 2011) ("it is not up to the Clerk of the Court or the United States Marshals Service to search for [defendant's] current address."); *Tillotson v. McCoy*, No. 10-cv-00483-REB-BNB, 2010 WL 4810721, at *1 (D. Colo. Nov.

19, 2010) ("plaintiff is simply mistaken in his belief that it is anyone's responsibility other than his own to locate and provide a proper address for the defendant such that service can be accomplished."). Regardless of Plaintiff's desire to keep Defendant Demetri in the case and have her answer the claims asserted against her, neither can be accomplished without service. Accordingly,

### III. Conclusion

I respectfully **RECOMMEND** that Defendant Ellen Demetri be **DISMISSED without prejudice**, pursuant to Fed. R. Civ. P. 4(m).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed.R.Civ.P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: August 16, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge