IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02993-RM-KLM

HOWARD M. WATTS, JR.,

     Plaintiff,

v.

DANIEL WERFEL, Acting Commissioner of the IRS,
CAROLYN W. COLVIN, Acting Commissioner of the SSA,
CAROLYN SIMMONS, Associate Commissioner,
ANNETTE STREETER, Appeals Area Director, IRS,
J. TRUJILLO, Collections Agent, IRS, and
ELLEN DEMITRE, Tax Payer Advocate, IRS,

     Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Motion to Dismiss on Behalf of Defendants Colvin and Simmons**[1] [#30][2] (the "SSA Motion") and the **Motion to Dismiss on Behalf of Defendants Werfel, Streeter, and Trujillo**[3] [#46] (the "IRS Motion" and, collectively with

---

[1] Plaintiff's Amended Complaint [#7] names Michael Astrue, Commissioner of the Social Security Administration, as a Defendant. All of Plaintiff's claims against Mr. Astrue relate to his role as the Commissioner of the Social Security Administration. On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration. *SSA Motion* [#30] at 1 n.1. Accordingly, pursuant to Fed. R. Civ. P. 25(d), Ms. Colvin is automatically substituted as a party to this action. As a result, the SSA Motion was filed on behalf of Ms. Colvin, not Mr. Astrue. Collectively, Defendants Colvin and Simmons are the "SSA Defendants."

[2] "[#30]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[3] Collectively, Defendants Werfel, Streeter, and Trujillo are the "IRS Defendants." Plaintiff's Amended Complaint [#7] names Douglas Shulman, Commissioner of the Internal Revenue Service,

the SSA Motion, the "Motions").  Plaintiff filed a Response [#45] to the SSA Motion on July

11, 2013, and a Response [#55] to the IRS Motion on August 12, 2013.  The SSA

Defendants filed a Reply [#52] on July 25, 2013.  The IRS Defendants filed a Reply [#57]

on August 12, 2013.  Pursuant to 28 U.S.C. § 636 (b) and D.C.COLO.LCivR 72.1C, the

Motions have been referred to this Court for a recommendation regarding disposition [##31,

48].  The Court has reviewed the pleadings, the entire case file, and the applicable law, and

is sufficiently advised in the premises.  For the reasons set forth below, the Court

**recommends** that the Motions [##30, 46] be **granted**.

## I.  Summary of the Case

Plaintiff states that in 2006, he paid self-employment taxes following an Internal

Revenue Service ("IRS") audit of his 1999 tax return. *See Amended Complaint* [#7] at 1.

Plaintiff further states that the IRS "did make payment to Plaintiff[']s retirement account[4]

and subsequently withdrew the payment."  *Id.* Plaintiff contends that, had Defendants

"timely deposited the 4 quarter earnings payment in 2006," Plaintiff would have been

entitled to over $32,000 in retirement benefits.  *Id.* at 3.  Plaintiff appears to be arguing that

his earnings record maintained by the SSA should include the self-employment income he

---

as a Defendant.  All of Plaintiff's claims against Mr. Shulman relate to his role as the Commissioner of the Internal Revenue Service.  On May 22, 2013, Daniel Werfel became the Acting Commissioner of the Internal Revenue Service. *IRS Motion* [#46] at 1 n.1.  Accordingly, pursuant to Fed. R. Civ. P. 25(d), Mr. Werfel is automatically substituted as a party to this action.

[4]  Plaintiff's allegations make clear that he believes that the either the IRS or the SSA maintain individual "Social Security retirement account[s]" for individuals.  *See, e.g., Amended Complaint* [#7] at 1 ("The IRS did make payment to Plaintiff[']s Social Security retirement account"), 6 (asking that the Court order the SSA to "deposit funds to the Plaintiff[']s retirement account"). However, the Social Security Act does not anticipate the creation of individual retirement accounts. *See* 42 U.S.C. §§ 401-434.  Instead, individuals who qualify for payments pursuant to the Social Security Act receive payments based on prior earnings records maintained by the Social Security Administration ("SSA").  *See* 42 U.S.C. § 415.

earned in 1999.  Plaintiff maintains that inclusion of the self-employment income from 1999 would have resulted in Plaintiff receiving $32,352 in additional payments pursuant to the Social Security Act.  *Id.* at 6.  As a result, Plaintiff asks the Court to order the IRS to deposit the $742 payment "to his Social Security Account effective Jan[uary] 2006 and to discover and disclose where the funds are located."  *Id.* at 6.  He also asks the Court to order the SSA to "deposit funds to [his] retirement account," pay him $32,352 in retroactive retirement benefits, and commence monthly retirement benefits in an amount to be determined.  *Id.* at 6.

In the SSA Motion, the SSA Defendants contend that Plaintiff's claims against them should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiff failed to exhaust his administrative remedies.[5]  *SSA Motion* [#30] at 3-7.  In support of the SSA Motion, the SSA Defendants attach the Declaration of Debra Sweeney ("Sweeney Decl."), an SSA employee.  *See generally Sweeney Decl.* [#30-1].[6]  The Sweeney Declaration states that SSA records show that Plaintiff has not requested a modification of his 1999 earnings.

---

[5]  The Court includes only those arguments contained in the Motions, Responses, and Replies which merit analysis.

[6]  Normally, when considering a motion to dismiss, the Court must disregard facts supported by documents other than the complaint unless the Court first converts the motion to dismiss into a motion for summary judgment. *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). However, a Court may consider documents outside of the complaint on a motion to dismiss in three instances. First, the Court may consider outside documents pertinent to ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000). Second, the Court may consider outside documents subject to judicial notice, including court documents and matters of public record. *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006). Third, the Court may consider outside documents that are both central to the plaintiff's claims and to which the plaintiff refers in his complaint. *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). The Sweeney Declaration falls into the first category of documents and, therefore, may appropriately be considered by the Court in making its Recommendation on the pending Motions.

Plaintiff admits in his Response to the SSA Motion that he did not request that his earnings record be corrected, but argues that "if [he had] been advised that his payment of self[-]employment taxes were in the possession of SSA," he would have filed an appeal. *SSA Response* [#45] at 1.   Plaintiff states that he did not file an appeal with the SSA because he was informed that the IRS "withdrew the payment" of his self-employment taxes.  *Id.*

In their Reply, the SSA Defendants explain that while the IRS "collects both self-employment taxes and employment taxes gathered to fund Social Security and deposits them in the Treasury," the SSA Commissioner "maintains records of an individual's wage and self-employment income records."  *SSA Reply* [#52] at 2.  The SSA Defendants further explain that it is the SSA records that determine the amount of an individual's Social Security benefits.  *Id.* at 3.  Therefore, they argue that, regardless of how Plaintiff phrases it, what Plaintiff seeks to do in this lawsuit is to challenge the amount of benefits he is receiving.  *Id.*  Therefore, he is challenging his earnings record and such a challenge cannot be brought in federal court until after Plaintiff exhausts his administrative remedies. *Id.*

In the IRS Motion, the IRS Defendants argue that an action brought against individual IRS employees acting in their official capacities is brought against the United States. *IRS Motion* [#46] at 10-11.  They further argue that the claims asserted against the IRS Defendants should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because the United States is immune except when it consents to be sued.  *Id.* at 2.  Here, they argue, Plaintiff has not established a waiver of sovereign immunity.  *Id.* at 3-7.

In his Response to the IRS Motion, Plaintiff alleges that he "exhausted all

administrative remedies within the IRS to recover or locate" the allegedly missing taxes he paid in 2006 relating to self-employment earnings earned in 1999. *Response to IRS Motion* [#55] at 1. Plaintiff further states that he is "searching for the citation that would allow the IRS to supercede the SSA in depositing funds to the earnings statement of the affected person, thereby over ruling [sic] 42 U.S.C. [§] 405(c)(4)(C)." *Id.* at 2.

In their Reply, the IRS Defendants argue that Plaintiff's claims are more appropriately addressed to the SSA since "[t]his case is a dispute over retirement benefits, not federal taxes" and "the SSA alone—not the IRS—is responsible for maintaining the earnings record used to compute Plaintiff's retirement benefits. *IRS Reply* [#57] at 1.

## II.  Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it. Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see* Fed. R. Civ. P. 12(b)(1). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.* By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. With a factual

5

attack, the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id.* The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987)). The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

When considering Plaintiff's pleadings, the Court is mindful that it must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.  Analysis

Plaintiff bears the burden of proving that the Court has subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) ("Federal courts are of limited jurisdiction . . . .  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests on the party asserting

jurisdiction."). Here, Plaintiff alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1331. *Amended Complaint* [#7] at 2.

## A.    SSA Defendants

The Supreme Court "long has acknowledged the general rule that parties must exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992) (superceded by statute on other grounds). As the Supreme Court has observed, "[e]xhaustion is required because it serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *Id.* at 145. The exhaustion doctrine is "grounded in Congress' delegation of authority to coordinate branches of Government," and "recognizes that agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer." *Id.* The exhaustion requirement also reflects the "common sense notion" that "an agency ought to have an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Id.* Providing the agency with the opportunity to correct its own errors may eliminate the need for judicial involvement altogether; and if it does not moot the case entirely, it at least avoids piecemeal appeals and may produce a useful record for subsequent judicial consideration. *See id.*; *see also Weinberger v. Salfi*, 422 U.S. 749, 765 (1975) ("Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.").

Pursuant to 42 U.S.C. § 405(g), an individual may only obtain judicial review

7

regarding a determination of the individual's Social Security benefits "after any final decision of the Commissioner of Social Security."  Further, 42 U.S.C. § 405(h) specifically provides that "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter," except as provided in 42 U.S.C. § 405(g).  To exhaust administrative remedies, an individual must first seek to correct his earnings record; if denied, he must request reconsideration, a hearing before an ALJ, and, finally, review by the Appeals Council—all within specified time frames.  *See* 20 C.F.R. §§ 404.900(a), 404.905, 404.921, 404.955, 404.967.  An individual obtains a judicially reviewable final decision only if he completes the administrative appeals process and receives either (1) a decision by the Appeals Council, or (2) notice from the Appeals Council that it is denying the request for review.  *See* 20 C.F.R. §§ 404.981, 422.210.

Here, as explained above, Plaintiff's Amended Complaint challenges his earnings record, a subject governed by Title II of the Social Security Act, 42 U.S.C.§§ 401-433.3. As a result, Plaintiff was required to exhaust the administrative procedure laid out in the Social Security Act prior to filing suit.  However, Plaintiff's Amended Complaint does not mention exhaustion of his administrative remedies.  To the contrary, Plaintiff admits in his Response to the SSA Motion that he did not request that his earnings record be corrected, but argues that "if [he had] been advised that his payment of self[-]employment taxes were in the possession of SSA," he would have filed an appeal.  *Response to SSA Motion* [#45] at 1.  Plaintiff further states that he did not file an appeal with the SSA because he was informed that the IRS "withdrew the payment" of his self-employment taxes.  *Id.*  While it appears that Plaintiff is confused about how Social Security benefits are calculated and

administered, such confusion does not confer subject matter jurisdiction on this Court. Further, the Sweeney Declaration states that SSA records show that Plaintiff has not requested a modification of his earnings record regarding his 1999 earnings as a result of the 2006 audit. *See Sweeney Decl.* [#30-1] ¶¶ 5-6. Accordingly, because Congress has expressly authorized judicial review only of a "final decision," as defined by the SSA Commissioner, and Plaintiff has not exhausted his administrative remedies to obtain such a "final decision," Plaintiff's claims against the SSA Defendants should be dismissed for lack of subject matter jurisdiction. *See* 42 U.S.C. § 405(g); *Heckler v. Ringer*, 466 U.S. 602, 61-19 (1984) (dismissal appropriate because of failure to exhaust); *Sipp v. Astrue*, 641 F.3d 975, 979-81 (8th Cir. 2011) (district court lacked jurisdiction because plaintiff failed to exhaust administrative remedies). Therefore, the Court **recommends** that the SSA Motion [#30] be **granted** pursuant to Fed. R. Civ. P. 12(b)(1) and Plaintiff's claims against the SSA Defendants be **dismissed without prejudice**. *Garman v. Campbell County Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010) ("Generally, a dismissal for lack of subject matter jurisdiction is without prejudice").

## B.    IRS Defendants

A civil action filed against an officer of the United States is in fact "against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Dugan v. Rank*, 372 U.S. 609, 620 (1963) (internal citations omitted). In this case, Plaintiff has named each of the IRS Defendants in his or her official capacity. See *Amended Complaint* [#7] at 1 (naming each

IRS Defendant with his or her official title), 2-6 (describing only actions taken by the IRS or IRS employees).  In addition, Plaintiff asks the Court to "order the Defendants to pay to the Plaintiff $32,352 in retroactive retirement benefits and to commence monthly retirement benefits payments." *Amended Complaint* [#7] at 6.  Therefore, Plaintiff's claims against the IRS Defendants are properly classified as a suit against the United States, not the individually named Defendants. *Dugan*, 372 U.S. at 620; *Kelly v. Wilson*, 426 F.App'x. 629, 632-33 (10th Cir. 2011) (unpublished decision) ("Even when the United States is not a named defendant, a claim is against the United States if the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States or by an agency of the United States"); *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) (stating that "any action that charges such [a government] official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States"); *Atkinson v. O'Neill*, 867 F.2d 589 (10th Cir. 1989).

"The federal courts lack subject matter jurisdiction over claims against the United States for which it has not waived sovereign immunity."  *Kelly*, 426 F. App'x at 632 (citing *Iowa Tribe of Kan. & Neb. v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010)).  Waiver of sovereign immunity must be unambiguously expressed, and the burden of showing a waiver lies with the party bringing the cause of action against the United States.  *Normandy Apts., Ltd. v. United States HUD*, 554 F.3d 1290, 1295 (10th Cir. 2009) ("a party seeking to assert a claim against the government . . . must [ ] point to a specific waiver of immunity in order to establish jurisdiction").  Moreover, a waiver of sovereign immunity must be narrowly construed in favor of the United States and may not be expanded beyond the statutory language waving immunity. *United States v. Nordic Village*, 503 U.S. 30, 34

10

(1992).

Plaintiff has failed to establish a waiver of sovereign immunity.  Plaintiff alleges that jurisdiction is conferred by 28 U.S.C. § 1331, which provides that the district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  As a general grant of jurisdiction, 28 U.S.C. § 1331 cannot by itself be construed as constituting a waiver of the government's immunity.  *See, e.g., Lonsdale v. United States*, 919 F.2d 1440 (10th Cir. 1990) ("Sovereign immunity is not waived by general jurisdictional statues such as 28 U.S.C. § 1331"); *Normandy Apts., Ltd.*, 554 F.3d at 1295. Therefore, Plaintiff has failed to plead any basis for waiver of the government's sovereign immunity in this case.  As a result, the Court **recommends** that the IRS Motion [#46] be **granted** pursuant to  Fed. R. Civ. P. 12(b)(1) and Plaintiff's claims against the IRS Defendants be **dismissed without prejudice**.  *Garman*, 630 F.3d at 985 ("Generally, a dismissal for lack of subject matter jurisdiction is without prejudice").

### IV.  Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that the SSA Motion [#30] be **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(1) and Plaintiff's claims against the SSA Defendants be **DISMISSED without prejudice**.

The Court FURTHER **RECOMMENDS** that the IRS Motion [#46] be **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(1) and Plaintiff's claims against the IRS Defendants be **DISMISSED without prejudice**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written

11

objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: October 30, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge