**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 12-cv-02993-RM-KLM

HOWARD M. WATTS, JR.,

      Plaintiff,

v.

JOHN KOSKINEN, Commissioner IRS,
CAROLYN W. COLVIN, Acting Commissioner SSA,
CAROLYN SIMMONS, Associate Commissioner,
ANNETTE STREETER, Appeals Area Director, IRS,
J. TRUJILLO, Collections Agent, IRS, and
ELLEN DEMETRI[1], Tax Payer Advocate, IRS,

      Defendants.

---

**ORDER**

---

This matter is before the Court on United States Magistrate Judge Kristen L. Mix's

Recommendation ("Recommendation on Motions to Dismiss") (ECF No. 59) to grant

Defendants Werfel[2], Streeter, and Trujillo's motion to dismiss (the "IRS Motion") (ECF No. 46)

and Defendants Colvin[3] and Simmons' motion to dismiss (the "SSA Motion") (ECF No. 30).

---

[1] Plaintiff's Amended Complaint spelled the name of Defendant Demetri incorrectly. For purposes of this Order, the Court will use the correct spelling as identified in Defendant Demetri's declaration (ECF No. 51-1).

[2] Plaintiff's Amended Complaint (ECF No. 7) names Douglas Shulman, Commissioner of the Internal Revenue Service ("IRS"), as a Defendant. All of Plaintiff's claims against Shulman relate to his role as the Internal Revenue Service's Commissioner. (ECF No. 46 at 1 n.1.) John Koskinen now serves as the IRS Commissioner. Commissioner John Koskinen, http://www.irs.gov/uac/Commissioner-John-Koskinen (last visited Nov. 19, 2014). Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, John Koskinen is substituted for Douglas Shulman as the Defendant in this action. Collectively, Defendants Koskinen, Streeter, and Trujillo are referred to as the "IRS Defendants."

[3] Plaintiff's Amended Complaint (ECF No. 7) names Michael Astrue, Commissioner of the Social Security Administration ("SSA"), as a Defendant. All of Plaintiff's claims against Astrue relate to his role as the Social Security Administration's Commissioner. (ECF No. 30 at 1 n.1.) On February 14, 2013, Carolyn W. Colvin became the Social Security Administration's Acting Commissioner. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Colvin is automatically substituted as a party to this action. Collectively, Defendants Colvin and Simmons are referred to as the "SSA Defendants."

Both motions pertain to Plaintiff Watts' Amended Complaint (ECF No. 7).  Also before the

Court is Judge Mix's Recommendation to dismiss Defendant Demetri ("Recommendation on

Failure to Serve").  (ECF No. 56.)

Plaintiff did not file an objection to Judge Mix's Recommendation on Motions to Dismiss

with respect to the IRS and SSA motions.  Plaintiff filed an objection to Judge Mix's

Recommendation on Failure to Serve with respect to dismissing Defendant Demetri.  (ECF No.

58.)

For the reasons stated below, the Court:  (1) OVERRULES Plaintiff's objection to the

Recommendation on Failure to Serve; (2) ADOPTS the Recommendation on Failure to Serve

with respect to dismissing Defendant Demetri; and (3) ADOPTS the Recommendation on

Motions to Dismiss with respect the IRS and SSA motions.

## I.      LEGAL STANDARDS

### A.      Review of the Magistrate Judge's Reports and Recommendations

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule

of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of

the magistrate judge's [recommendation] that has been properly objected to."  In conducting its

review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive

further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P.

72(b)(3).  An objection is proper if it is filed timely in accordance with the Federal Rules of Civil

Procedure and specific enough to enable the "district judge to focus attention on those issues –

factual and legal – that are at the heart of the parties' dispute."  *United States v. 2121 E. 30th St.*,

73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  In the

absence of a timely and specific objection, "the district court may review a magistrate's report

under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

### B.      Dismissal for Lack of Subject Matter Jurisdiction

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a motion to dismiss for lack of subject matter jurisdiction may be brought in two forms: "facial" or "factual." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A "facial attack" as to subject matter jurisdiction challenges the sufficiency of the complaint and in reviewing such a challenge, the Court must accept the allegations in the complaint as true. *Id*. A "factual attack" as to subject matter jurisdiction challenges the facts upon which subject matter jurisdiction depends and in reviewing such a challenge, the Court has discretion to consider documents outside complaint. *Id*. at 1003. If undertaking a review of subject matter jurisdiction predicated upon a factual attack of the complaint, "a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion." *Id*.

Regardless of the type of challenge to subject matter jurisdiction, the plaintiff retains the burden of establishing subject matter jurisdiction. *Port City Props. v. Union Pacific R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008) (citation omitted).

### C.      Dismissal for Insufficient Service of Process

"Effectuation of service is a precondition to suit. . . ." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). Without proof of proper service, the Court lacks jurisdiction over a defendant. *Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992). A Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and

complaint.  In opposing a motion to dismiss for insufficient service of process, "plaintiff bears the burden of making a prima facie case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over the defendant." *Meyers v. Pfizer, Inc.*, Case No. 13-CV-01508-WJM-CBS, 2014 WL 1598723, at *2 (D. Colo. Apr. 21, 2014) (citations omitted), *adopted in Meyers v. Pfizer, Inc.*, Case No. 13-CV-1508-WJM-CBS, 2014 WL 2490158, at *1 (D. Colo. June 2, 2014).  The plaintiff must demonstrate that the procedure employed by him to effect service satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure.  *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987).

### D.    *Pro Se* Status

A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972).  The Court, however, cannot serve as a *pro se* litigant's advocate and make arguments for him.  *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1173 (10th Cir. 2013); *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).  The Court cannot "supply additional factual allegations to round out [a *pro se* litigant's] complaint. . . ."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).  And *pro se* litigants are not excused from following the same procedural rules that govern other litigants.  *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citations omitted).

## II.    BACKGROUND

No party objects as to the Magistrate Judge's recitation of the case's factual or procedural background.  Accordingly, the Court adopts the Magistrate Judge's factual and procedural findings as if set forth herein.  (ECF Nos. 59 at 2-5; 56 at 1-4.)

Briefly, the Court sets forth the pertinent factual and procedural background.

### A.     Factual Background

Plaintiff alleges that in 2006, he paid self-employment taxes following an Internal

Revenue Service ("IRS") audit of his 1999 tax return.  (ECF No. 7 at 1.)  Plaintiff further alleges

that the IRS "did make payment to Plaintiff[']s retirement account and subsequently withdrew

the payment."  (*Id*.)  Plaintiff alleges that, had Defendants "timely deposited the 4 quarter

earnings payment in 2006," Plaintiff would have been entitled to over $32,000 in retirement

benefits pursuant to the Social Security Act.  (*Id*. at 3, 6.)  Plaintiff requests the Court to order

the IRS to deposit a $742 payment "to his Social Security Account effective Jan[uary] 2006 and

to discover and disclose where the funds are located."  (*Id*. at 6.)  Plaintiff also requests the Court

to order the SSA Defendants to "deposit funds to [his] retirement account," pay him $32,352 in

retroactive retirement benefits, and commence monthly retirement benefits in an amount to be

determined.  (*Id*. at 6.)

Plaintiff did not request a modification to his 1999 earnings.  (ECF Nos. 30-1 at ¶ 6; 45 at

1.)  Plaintiff did not exhaust available administrative remedies to challenging the SSA's benefit

determinations.  (ECF No. 30-1 at ¶ 6.)

### B.     Procedural Background

Plaintiff filed this lawsuit on November 14, 2012.  (ECF No. 1.)  Plaintiff filed his

Amended Complaint on December 18, 2012.  (ECF No. 7.)

On May 1, 2013, Magistrate Judge Mix entered an "Order to Show Cause" (ECF No. 27)

as to why she should not recommend that the case against the IRS Defendants and Demetri be

dismissed for failure to properly serve them pursuant to Rule 4(m) of the Federal Rules of Civil

Procedure.  On May 30, 2013, Plaintiff filed summonses as to the IRS Defendants.  (ECF No. 28

at 3-8.)  On June 13, 2013, Plaintiff filed a document stating that he mailed a copy of the

Amended Complaint to Defendant Demetri at the following address:  Ellen Demitre, Taxpayer

Advocate Service, P.O. Box 1640 MS 1007, Ogden, UT 84402.  (ECF No. 36 at 2.)

On June 25, 2013, Plaintiff filed an executed return of service regarding Defendant

Demetri.  (ECF No. 43.)  The executed return of service of the Summons and Amended

Complaint was in care of Edwin A. Herrera at 600-17th Street, Suite 300 North, Denver,

Colorado 80202-5402 (ECF No. 43.)  To date, Plaintiff has not served Defendant Demetri with a

copy of the Amended Complaint and Summons.  (*See* ECF No. 51-1.)

On May 31, 2013, SSA Defendants moved to dismiss Plaintiff's Amended Complaint, in

part, due to the Court's lack of subject matter jurisdiction because Plaintiff failed to exhaust his

available administrative remedies.  (ECF No. 30 at 3-7.)

On July 16, 2013, IRS Defendants moved to dismiss Plaintiff's Amended Complaint, in

part, due to the Court's lack of subject matter jurisdiction because of the sovereign immunity

doctrine.  (ECF No. 46 at 2-7.)

On August 16, 2013, Magistrate Judge Mix recommended to dismiss the Amended

Complaint against Defendant Demetri for Plaintiff's failure to properly effectuate service.  (ECF

No. 56.)  Plaintiff filed an objection to this holding.  (ECF No. 58.)

On October 30, 2013, Magistrate Judge Mix recommended to dismiss the Amended

Complaint against both the SSA Defendants and IRS Defendants for lack of subject matter

jurisdiction.  (ECF No. 59.)  Plaintiff did not file an objection to this holding.  Subsequent to the

issuance of the Magistrate Judge's Recommendation on the Motions to Dismiss, Plaintiff filed a

motion to change the relief he requested in his Amended Complaint.  (ECF No. 60.)  In denying

that motion, Magistrate Judge Mix informed Plaintiff that should he desire to amend his

complaint, he must comply with Rules 15(a) and 20(a) of the Federal Rules of Civil Procedure. (ECF No. 62 at 2.)

On December 30, 2013, without leave of the Court or any party's consent, Plaintiff filed another amended complaint.[4]  (*See* ECF No. 63.)

## III.   ANALYSIS

### A.   Recommendation on Failure to Serve[5]

Magistrate Judge Mix held that Plaintiff failed to show good cause for his failure to properly serve Demetri with a summons and the Amended Complaint and thus, recommended Plaintiff's Amended Complaint against Demetri be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  (ECF No. 56 at 4-8.)  Plaintiff objects to the Recommendation on Failure to Serve (ECF No. 56) on the following bases:  (1) he was only able to acquire Defendant Demetri's mailing address; and (2) the "Tax Payer Advocate Service is a part of the IRS and as such, the service of the summons to Counsel Herrera should have been sufficient." (ECF No. 58 at 1.)  Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, the Court may dismiss an action for insufficient service of process.  Fed. R. Civ. P. 12(b)(5).

Rule 4(i)(3) of the Federal Rules of Civil Procedure states "[t]o serve a United States officer or employee sued in an individual capacity[6] for an act or omission occurring in connection with duties performed on the United States' behalf (whether the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)."  Fed. R. Civ. P. 4(i)(3).  Rule 4(e) of the Federal

---

[4] Plaintiff's "Tendered Amended Complaint" (ECF No. 63) is not properly before the Court.  *See* Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion. . . .").

[5] The Court notes that Defendant Demetri did not file a motion to dismiss for insufficient service of process.  IRS Defendants, however, filed a status report explaining their argument that Demetri was not properly served.  (ECF No. 51.)  Plaintiff responded to this status report.  (ECF No. 54.)

[6] The Recommendation held that Plaintiff's Amended Complaint did not specify in what capacity it named Demetri as a Defendant.  (ECF No. 56 at 4 n.2.)  No party filed an objection to this aspect of the Recommendation. Accordingly, the Court finds no clear error in this finding and adopts it as if incorporated herein.

Rules of Civil Procedure governs service of individuals within the United States and allows for service either according to state law governing service, Fed. R. Civ. P. 4(e)(1), or by: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service," Fed. R. Civ. P. 4(e)(2).

Plaintiff's objection does not show that he fulfilled service through any mechanism available under Rule 4(e)(2) of the Federal Rules of Civil Procedure. Plaintiff's conclusory statement that "service of the summons to Counsel Herrera should have been sufficient" does not show that Herrera was in fact authorized by Demetri (*see* ECF No. 51-1 at ¶ 6) or show by law that he was authorized to receive service (*see* ECF No. 51-1 at ¶¶ 2-3). Plaintiff fails to show how Herrera has any legal relation to Demetri such that he was authorized to receive service on her behalf. Plaintiff's Amended Complaint contains no allegation pertaining to the relationship between Demetri and Herrera and he cannot amend his complaint through briefing. *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (holding that a court is limited to assessing "the legal sufficiency of the allegations contained within the four corners of the complaint") (citation omitted). Plaintiff has not met his burden to show that the procedure employed by him constituted proper service. *See Light*, 816 F.2d at 751.

Plaintiff appears to argue that based upon the other Defendants' counsel's awareness of the Amended Complaint and summons, Demetri should not be dismissed. (ECF No. 58 at 1.) Plaintiff, however, has filed no waiver of service for Demetri and as such must comply with the service requirements of Rule 4 of the Federal Rules of Civil Procedure. *Butler v. People of Ninth*

*Dist. of Colo.*, Case No. 08-cv-00088-REB-CBS, 2009 WL 185628, at *2 (D. Colo. Jan. 23, 2009).

In order to effect service under Colorado law, a summons and complaint must be delivered "to the person, or by leaving a copy thereof at the person's usual place of abode with any person whose age is eighteen years or older and who is a member of the person's family, or at the person's usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent; or by delivering a copy to a person authorized by appointment or by law to receive service of process.  Colo. R. Civ. P. 4(e)(1).  If this cannot be accomplished, a plaintiff may serve a defendant by publication or file a motion for substitute service.  Colo. R. Civ. P. 4(f)-(g).  Demetri was not served personally (ECF No. 51-1 at ¶ 9); the address on the return of service (ECF No. 43) is not Demetri's home address (ECF No. 51-1 at ¶ 4); the address on the return of service is not Demetri's usual workplace (ECF No. 51-1 at ¶ 5); Herrera is not Demetri's supervisor, secretary, administrative assistant, bookkeeper, human resources representative, managing agent, or family member (ECF No. 51-1 at ¶¶ 6-7); and Herrera was not authorized to accept service of legal documents on Demetri's behalf (ECF No. 51-1 at ¶ 8).  Magistrate Judge Mix held that service on Herrera as evidence by the return of service (ECF No. 43) did not constitute service on Demetri pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure.  (ECF No. 56 at 5.)  Plaintiff did not file a specific objection to these findings.  (*See generally* ECF No. 58.)  The Court finds no clear error to these holdings and thus, incorporates them as if set forth herein.

Without proof of proper service, the Court lacks personal jurisdiction over Demetri and thus, Plaintiff's Amended Complaint must be dismissed without prejudice as to Demetri.  *See Okla. Radio Assocs.*, 969 F.2d at 943 (citations omitted).

      **B.**    **Recommendation on Motions to Dismiss**

          1.    <u>SSA Defendants' Motion to Dismiss</u>

The Magistrate Judge recommended that the Court grant SSA Defendant's motion to dismiss for lack of subject matter jurisdiction due to Plaintiff's failure to exhaust available administrative remedies.  (ECF No. 59 at 7-9.)  No objection has been filed.  Accordingly, the Court reviews the Magistrate Judge's Recommendation for clear error.  Having reviewed the Recommendation and the record, the Court discerns no clear error on the face of the Recommendation.  The Court finds that Judge Mix's Recommendation to grant SSA Defendant's motion to dismiss (ECF No. 30) is sound and adopts it as if set forth herein.

          2.    <u>IRS Defendants' Motion to Dismiss</u>

The Magistrate Judge recommended that the Court grant IRS Defendant's motion to dismiss for lack of subject matter jurisdiction due to the sovereign immunity doctrine.  (ECF No. 59 at 9-11.)  No objection has been filed.  Accordingly, the Court reviews the Magistrate Judge's Recommendation for clear error.  Having reviewed the Recommendation and the record, the Court discerns no clear error on the face of the Recommendation.  The Court finds that Judge Mix's Recommendation to grant IRS Defendant's motion to dismiss (ECF No. 46) is sound and adopts it as if set forth herein.

**IV.**    **CONCLUSION**

Based on the foregoing, the Court:

(1)    OVERRULES Plaintiff's objection to the Recommendation on Failure to Serve (ECF No. 58);

(2)    ADOPTS the Recommendation on Failure to Serve (ECF No. 56), to wit, the Court DISMISSES, without prejudice, Plaintiff's Amended Complaint (ECF No. 7) against

Defendant Demitre;

   (3)  ADOPTS the Recommendation on Motions to Dismiss (ECF No. 59), to wit, the

Court GRANTS Defendants Koskinen, Streeter, and Trujillo's Motion to Dismiss (ECF No. 46)

and GRANTS Defendants Colvin and Simmons' Motion to Dismiss (ECF No. 30); and

   (4)  DISMISSES, without prejudice, Plaintiff's Amended Complaint (ECF No. 7)

against Defendants Koskinen, Colvin, Simmons, Streeter, and Trujillo.

   DATED this 21st day of November, 2014.

            BY THE COURT:

            _____
            RAYMOND P. MOORE
            United States District Judge